## Louis G. Whitcomb et al v. Town of Springfield

[189 A.2d 550]

January Term, 1963

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed March 6, 1963

*Whitcomb, Clark & Moeser* for the plaintiffs.

*Parker & Ainsworth* for the defendant.

**Smith, J.**  The appellants are owners of land abutting on the "Old Hospital Road" so-called, in the town of Springfield.  The appeal is

from a judgment order of the Windsor County Court changing the order of the Old Hospital Road to a trail.

The establishing and changing of the order of town roads is a matter which is largely controlled by statutory provisions. On June 5, 1957, the selectmen of the Town of Springfield gave notice that they proposed to change the order of the Old Hospital Road to that of a trail and that a hearing would be held on June 26, 1957, under the provisions of 19 V.S.A. §292. The terms of this section of the statute are quoted below:

> "As the convenience of the inhabitants and the public good require, selectmen shall lay out, alter and discontinue highways. Pent roads and trails shall be deemed highways. Alteration includes a change in the order of a highway, as between open highways, pent roads and trails."

In giving notice of such proposed alteration the selectmen acted on their own motion which was within their power. *LaFarrier v. Hardy*, 66 Vt. 200, 203, 28 Atl. 1030.

After hearing, on July 3, 1957, the selectmen ordered that the road in question be changed from an open highway to a trail.

On December 11, 1957, the appellant landowners appealed from the decision of the selectmen to the Windsor County Court under the provisions of 19 V.S.A. §421. Commissioners were appointed by the county court under 19 V.S.A. §422; hearings on the matter were held by the commissioners in May 1959, and findings of fact were filed with the Windsor County Court by the commissioners.

On February 13, 1961, the Windsor County Court held a hearing on appellants' motion to recommit the report of the commissioners and denied the motion. Hearing was held on June 7, 1961 on a motion to accept or reject the findings of the commissioners. On August 7, 1961, the Windsor County Court issued its judgment order accepting the findings of fact made by the commissioners and decreeing that the public good and convenience would be served by changing the order of the highway from an open road to a trail.

The first exceptions briefed by the appellants are directed to the admitted fact that the original notice given by the selectmen contained no notice that the selectmen would consider claims for damages from the various landowners involved in the proceeding to alter the open

road; and, second, that the damage question in the case. was not considered by either the commissioners or the county court.

As the appellants have pointed out, 19 V.S.A. §342 provides that when a highway is to be altered notice "shall be given to persons owning or interested in lands abutting such highway, of such time and place when they shall consider claims for damages."

The purpose of such notice is obvious when the alteration of a highway would be to widen or enlarge the existing right-of-way. This would necessarily involve the acquiring of additional easements over the lands of property owners who abutted the highway that was to be so altered. A hearing on damages, with prior notice of the same, would be just as essential in the event an alteration of this kind was made as it is when land rights are sought to be acquired for a laying out of a highway. Both involve the taking of land rights from property owners.

The alteration sought in this. proceeding is of quite a different character. It involves a reduction of a previous taking of land, and not an enlargement. It results in an acquisition of property rights to the abutting landowners, and not a diminution of existing property rights. It confers a legal benefit to the abutting landowners, and not a loss or damage. It closely approaches a discontinuance of the highway, as provided for in 19 V.S.A. §531, in which no hearing upon damages is needed or required.

The Town of Springfield in this proceeding. is not attempting to acquire the use of lands belonging to the appellant abutting property owners. Instead, this proceeding seeks to reduce the extent of the easement now held by the town on the lands of the appellants from that necessary to maintain an open highway, to that needed only for a trail. An open highway must be three rods in width by virtue of the provisions of 19 V.S.A. §294. A trail is but a foot path and requires an easement only over sufficient land to allow pedestrian travel. It follows that in this instance the use of the land no longer required for the open highway reverts to the use of the abutting property owners who are the appellants here. Not only do the abutting landowners resume dominion over the land once used for the open highway, but not required for a trail, but upon application to the selectmen, the trail itself may be occupied and enclosed by them.

If we sustained the petitioners on their contention that the case should be returned to the court below with instructions to recommit the matter to the commissioners for a hearing on damages, we would be compelling the performance of a useless act. This the law will not do. Appellants take nothing by reason of this exception.

The next exception briefed by the appellants is to the admission of evidence by the commission on the estimated costs to the Town of Springfield if the Old Hospital Road was maintained in its then status as an open road.

The exception here is two-pronged. First, the appellants claim that evidence of cost of maintaining the road was inadmissible on the issue of necessity and convenience. Secondly, it is the contention of the appellants that two selectmen of the Town of Springfield who testified should have been excluded as witnesses because they were in a quasi-judicial position in relationship to the matter which was then being tried.

In considering the question of the admission of evidence relative to the cost of repairing the open road, it is necessary for us to consider some of the undisputed findings of fact in the case.

The Old Hospital Road, while abutted by the property of the appellants, had no places of human habitation on it. The road had not been repaired for more than twenty-five years, was badly water-washed, had fallen into disuse and had been only occasionally used in the last twenty-five years. Inhabitants in that vicinity were served by existing public highways which were in good condition and well maintained.

The testimony objected to, and which was the basis of a finding of fact by the commission, was that it would cost the Town of Springfield approximately $40,000.00 to bring the Old Hospital Road up to the minimum standard required for secondary roads, under the regulations of the Town of Springfield.

The real question presented here is as to the admissibility of evidence of costs involved in altering a highway under the consideration of "public good" in the determination of whether or not such alteration shall be decreed.

The applicable definition is found in 19 V.S.A. §221, applicable to the proceedings before the commissioners by virtue of 19 V.S.A. §421. The first sentence of 19 V.S.A. §221(1) is:

" 'Necessity' shall mean a reasonable need which considers the greatest public good and the least inconvenience and expense to the condemning party and to the property owner."

We are not in this case involved in the condemnation of land for the purpose of laying out a highway. The undoubted purpose here, on the part of the town, was to avoid the expense of maintaining a road, which was not needed, with its consequent expense to the taxpayers of that municipality. By the altering of the open highway to a trail, the town would not be liable for the construction, maintenance or repair which would be its responsibility under 19 V.S.A. §933. See 19 V.S.A. §293, Maintenance of Trails.

The public good involved in altering a road requires the same consideration of expense to the condemning party, or town, as would the laying out of a new highway. Evidence as to the expense involved in altering a road may be properly considered in a hearing on the matter.

Turning now to the qualifications of the town selectmen as witnesses, we are first confronted with the fact that the hearing before the court-appointed commission was a *de novo* hearing. The selectmen were there as parties under 19 V.S.A. §424. "The commissioners shall give notice to one or more of the selectmen and to the petitioners of the time when and place where they will make such inquiry, and hear the parties."

While it may be true that the selectmen were sitting in a quasi-judicial position at the hearing held under 19 V.S.A. §343 before them, at the hearing before the commissioners, three disinterested freeholders, they were parties to the proceeding, just as were the appellants. The contention of the appellants in this regard cannot be sustained.

The appellants also excepted to the refusal of the Windsor County Court to recommit the matter to the commissioners for further hearing in accordance with their motion. A motion to recommit is addressed to the discretion of the trial court, and its ruling upon that motion is not matter for exception. *Van Dyke* v. *Grand Trunk Railway Company,* 84 Vt. 212, 218, 78 Atl. 958, Ann. Cas. 1913A 640. We find no exceptional circumstances in the instant

case to justify using our power to remand in order that a recommital may be ordered.

The last exception briefed by the appellants is that the County Court erred in accepting the report of the commissioners. This exception is briefed upon appellants' previous exceptions to the evidence upon cost received by the commissioners. No error having been found in such admission of evidence by reason of the previous exceptions the appellants have argued, it follows that no error appears here.

*Judgment affirmed.*