2005 VT 86

### Steven KING, Joseph E. Young and Jeannine A. Young v. TOWN OF CRAFTSBURY

[883 A.2d 771]

No. 04-312

¶ 1. July 26, 2005. The Town of Craftsbury appeals the superior court's decision modifying a report submitted by county road commissioners who were assigned to determine the convenience and necessity of maintaining the class 3 status of a road that the town selectboard had previously downgraded to a trail. We reverse the superior court's decision and remand the matter for the court to consider evidence on the necessity and convenience of maintaining the road as a class 3 highway.

¶ 2. Appellees are persons living near the reclassified portion of the road, which includes a bridge that could be used to access appellees' residences. The bridge fell into disrepair, and in 2001 appellees petitioned the county road commissioners to remedy the Town's failure to maintain it. The commissioners did not timely respond to the petition, and, following a hearing, the town selectboard reclassified the portion of the road that included the bridge from a class 3 highway to a trail, which would not need to be maintained to handle vehicular traffic. Within thirty days of that decision, appellees filed a

complaint in superior court seeking injunctive relief against the Town. After denying the Town's motion for summary judgment, the court appointed three commissioners to inquire into the convenience and necessity of maintaining the road as a class 3 highway. See 19 V.S.A. §§ 751, 753. When the first group of commissioners could not reach consensus, a second group was appointed and held a hearing, after which they filed a report determining that the Town should reinstate the road to class 3 status and request funding for repair of the bridge through the state bridge program.

¶ 3. The Town entered objections to the commissioners' report, and following a brief nonevidentiary hearing, the superior court adopted the commissioners' findings and conclusions, but also ruled that, under 19 V.S.A. § 302(a)(3)(C), the Town had five years to bring the entire road, including the bridge, up to class 3 standards. The Town expressed concerns in a motion for reconsideration that the five-year deadline would require them to pay the cost of reconstructing the bridge even if no state funding became available through the state bridge program. The court denied the motion, noting that a satisfactory safety valve was provided by 19 V.S.A. § 766, which permits a town to petition for an extension of time to complete the construction of a highway or bridge. On appeal, the Town argues that the superior court erred (1) by not granting its motion for summary judgment based on appellees' failure to file a timely appeal of the town selectboard's decision to reclassify the road, and (2) by not taking evidence before modifying the commissioners' report.

¶ 4. We reject the Town's argument that the superior court should have granted it summary judgment based on appellees' failure to perfect an appeal from the selectboard's reclassification decision. Within thirty days of the selectboard's decision, appellees filed a complaint in superior court asking the court, among other things, to order the selectboard "to reverse" its decision "downgrading" the road and "to restore" the road's "Class Three Highway status." Citing this language, the court concluded that appellees' complaint sufficed to put the Town on notice that appellees were appealing the selectboard's classification decision. We agree.

¶ 5. We concur with the Town, however, that the superior court should have taken evidence before modifying the commissioners' report. Cf. *Hansen v. Town of Charleston*, 157 Vt. 329, 332, 597 A.2d 321, 322 (1991) (rejecting commissioners' report after taking evidence). In *Hansen*, we emphasized that the commissioners act essentially as factfinding masters under V.R.C.P. 53, and that the superior court, albeit in the role of an appellate court, is the exclusive decision maker. See *id.* at 333-34, 597 A.2d at 323; see also V.R.C.P. 53(e)(2)(iii) ("[T]he court after hearing may adopt the [commissioners'] report or may modify it or may reject it in whole or in part or may receive further evidence or may recommit it with instructions."). In this case, there was no transcript of any hearings before the commissioners. Instead, the superior court had before it a one-and-one-half-page report concluding that because the selectmen had reclassified the road to avoid the cost of repairing and maintaining the bridge, the public good did not require reclassifying the road to a trail. There were no findings on (1) the cost of maintaining the road or repairing the bridge, (2) the extent of the use of the bridge or road, or (3) the existence or efficacy of alternate routes. In short, the commissioners made no findings on the necessity and convenience of maintaining the class 3 status of the road. Absent such findings, we can make little sense of the commissioners' reasoning that the reclassification decision was not in the public good because it was done to

save the cost of maintaining the road and repairing the bridge. Moreover, having no record of hearings before the commissioners and taking no evidence itself, the superior court made no findings on the necessity and convenience of maintaining the road as a class 3 highway. Yet, the court modified the commissioners' report by requiring the Town to bring the road and bridge up to class 3 standards within five years, irrespective of whether the Town could obtain state funding to reconstruct the bridge.

¶ 6. On the current state of the record, it is impossible for this Court to determine whether there is any basis to support the superior court's decision. See *Fisher v. Poole*, 142 Vt. 162, 170, 453 A.2d 408, 412 (1982) ("When an appellate court is left in a position where it has to speculate as to the basis upon which the trial court reached its decision, it will refuse to so speculate."). Without information regarding the issue under consideration, especially where a balancing of competing concerns is mandated, the superior court could not exercise its discretion in any meaningful way. Under these circumstances, the decision must be reversed and the matter remanded for the court to take evidence itself on the necessity and convenience of maintaining the road as a class 3 highway.

*Reversed and remanded.*