2011 VT 49

**Lisa KETCHUM and Thomas Ketchum, Individually and as Trustees for Saddlebrook Farm Trust and North Farm Trust and Pauline Ketchum v. TOWN OF DORSET**

[22 A.3d 500]

No. 10-165

¶ 1. April 29, 2011. Plaintiffs appeal the Town of Dorset's decision to reclassify a town road from a class 3 to a class 4 highway. Plaintiffs argue that the court erred in reviewing the selectboard's reclassification using a deferential standard instead of a de novo procedure involving appointment of a panel of commissioners. In the alternative, plaintiffs contend that, even under a deferential standard, the court's decision is erroneous because the findings are not supported by the evidence and they were denied an opportunity to supplement the record on appeal. We affirm.

¶ 2. Plaintiffs own property that is serviced by a town highway known as Upper Kirby Hollow Road. There is one residence on the road, and the remaining properties are undeveloped. Some of the property is under a conservation easement and open to the public for recreational activities. In October 2008, the Town provided notice that it intended to consider altering the classification of certain town highways, including a 0.55 mile section of Kirby Hollow Road. The selectboard made a site visit to the property. The Town also held a public meeting and heard from interested parties. Plaintiffs attended and spoke against reclassification. Other members of the public also opposed reclassification and questioned whether it would have an impact on the public's ability to use the conserved property. The Town road foreman supported reclassification and testified that the road is dangerous to maintain and snow plow because it is narrow and steep. In December 2008, the Town issued a written decision, finding, among other things, that: the road's width is too narrow to allow two vehicles to safely pass one another or for access for emergency vehicles; Town snow removal vehicles have slid off the road causing danger to the vehicles and impairing snow removal of other roads; and the cost to improve the road is prohibitive. The Town also found that the road services only one seasonal residence with limited winter usage. The Town concluded that continuing summer maintenance and winter plowing did not serve the public good of the Town and reclassified the road.

¶ 3. Plaintiffs appealed the decision, citing Rule of Civil Procedure 74 and 19 V.S.A. § 740. Rule 74 allows a party to appeal from a decision of a "state board, commission, department or officer" when "any party is entitled by statute to seek review." Section 740 states:

> When a person owning or interested in lands through which a highway is laid out, altered, or resurveyed by selectboard members, objects to the necessity of taking the land, or is dissatisfied with the laying out, altering or resurveying of the highway, or with the compensation for damages, he or she may appeal, in accordance with Rule 74 of the Vermont Rules of Civil Procedure, to the superior court in the same county, or in either county when the highway or bridge is in two counties.

508

19 V.S.A. § 740(a) (Cum. Supp. 2010). In their notice of appeal, plaintiffs asked the superior court to stay the selectboard's decision pending appeal and to appoint three disinterested landowners to review the reclassification decision pursuant to 19 V.S.A. § 741.

¶ 4. The court held a hearing on the motion to stay. At the hearing, the court questioned the basis for its jurisdiction under Rule 74. Plaintiffs argued that § 740 applied to allow review under Rule 74, but, in the alternative, requested to amend the notice of appeal and plead relief under Rule 75 instead. Following an off-the-record conference, the court concluded that it would take evidence on whether to grant a stay, assuming the appeal was made pursuant to Rule 75. Cf. 19 V.S.A. § 743 (providing for automatic stay upon petition of interested person of decision to lay out, alter or resurvey road). Plaintiffs presented testimony from four witnesses, including one of the plaintiffs, who testified that one residence is used in the summer and for a couple of weekends a month in the winter. He also expressed his opinion that the road was safe for passage and there had not been a problem with clearing the snow. He noted that lack of plowing would have an impact on plaintiffs' ability to reach their properties, and have utility trucks deliver propane. A neighboring farmer who pastures cows on plaintiffs' property explained that the lack of maintenance would make it difficult for him to reach his cows. He plows plaintiffs' driveway past the road and opined that the Town's difficulty in plowing was due to a new, larger truck. A forester testified that lack of maintenance would have a negative impact on recreation and logging activity on the conserved property. Finally, the Town's road foreman testified concerning the practical and safety problems with plowing the road given its narrow width and steep incline. He stated that the section could be plowed by a four-wheel drive pickup truck for $50.

¶ 5. The court, Judge Suntag presiding, denied the motion for stay. The court concluded that there was no statutory authority providing for review of the reclassification and therefore the only jurisdiction for the appeal was pursuant to Rule 75 in the nature of certiorari. Applying the stay factors, the court concluded that: plaintiffs' appeal had little likelihood of success under this narrow standard; no irreparable injury would result from denial of a stay; there could be injury to other parties without a stay; and the interest of the public was not served by issuing a stay. See *Gilbert v. Gilbert*, 163 Vt. 549, 560, 664 A.2d 239, 245 (1995) (setting forth criteria for stay). The court also denied plaintiffs' subsequent motion to reconsider.

¶ 6. Plaintiffs then moved for appointment of commissioners to review the selectboard's decision. Plaintiffs acknowledged that no statute explicitly granted de novo review by commissioners of a decision to reclassify a road from class 3 to class 4, but that "the case law and statutory history makes clear that this is the appropriate procedure." The court, Judge Wesley presiding, denied the motion, concluding that without more specific direction in the statute, its review was in the nature of certiorari pursuant to Rule 75. *Hunt v. Vill. of Bristol*, 159 Vt. 439, 439-40, 620 A.2d 1266, 1266 (1992) (explaining that review of governmental action is governed by Rule 75 when legislation is silent on method for review). Under this standard, the court explained that its task was to determine "whether there is any competent evidence to justify the adjudication." *Id.* at 441, 620 A.2d at 1267 (quotation omitted). Thus, the court held that it would render a decision limited solely on "the record made before the selectboard . . . [without] additional evidence." Following further briefing, the court issued a final decision in the Town's favor. The court concluded: "The record as evidenced by the minutes of the Octo-

ber 21 meeting is more than adequate to uphold the Board's determination against any charge of the arbitrary exercise of authority."

¶ 7. On appeal, plaintiffs first argue that the superior court erred in holding that the selectboard's decision was subject to deferential review under Rule 75 when other decisions regarding the laying out, altering or resurveying of town highways are subject to de novo review by court-appointed commissioners.

¶ 8. The necessary procedures for reclassifying a road are defined by statute, and therefore we begin with a review of the pertinent statutory sections. See *Sagar v. Warren Selectboard*, 170 Vt. 167, 171, 744 A.2d 422, 426 (1999) (explaining that a town's duties "with respect to roads are entirely statutory"). The process to reclassify a town highway may be commenced by petition or at the selectboard's own initiation. 19 V.S.A. § 708(a). After hearing from interested parties and examining the premises, the selectboard can then reclassify upon a finding that it is for the "public good, necessity and convenience of the inhabitants of the municipality." *Id.* § 710. These sections also apply to laying out or altering of a road. The statute further explains that if an interested party "is dissatisfied with the laying out, altering or resurveying of the highway, or with the compensation for damages, he or she may appeal, in accordance with Rule 74 of the Vermont Rules of Civil Procedure, to the superior court," *id.* § 740(a), and the court shall appoint three commissioners "to inquire into the convenience and necessity of the proposed highway, and the manner in which it has been laid out, altered or resurveyed," *id.* § 741.

¶ 9. On two bases, plaintiffs seek to apply the appeal and review procedures set forth in §§ 740 and 741 to their case even though reclassification is not enumerated in either section. First, plaintiffs contend that reclassification is a method of altering a road and therefore included in the statute. Second, according to plaintiffs, "[t]here is no discernable rationale" for excluding reclassification from the same processes as for laying out, altering or resurveying.[*] Therefore, plaintiffs urge us to construe the statute to apply the § 740 and § 741 procedures to a selectboard's reclassification decision to avoid what they deem an absurd or irrational consequence of applying the statute as written. See *Braun v. Bd. of Dental Exm'rs*, 167 Vt. 110, 117, 702 A.2d 124, 128 (1997).

¶ 10. When interpreting a statute, "our obligation is to effectuate the intent of the Legislature" by first looking at the language of the statute. *Brennan v. Town of Colchester*, 169 Vt. 175, 177, 730 A.2d 601, 603 (1999). We "presume the Legislature intended the plain, ordinary meaning of the language" and will not read language

_____

[*] Plaintiffs also claim that applying a deferential standard in this case would be inconsistent with our prior cases, which they read as condoning the de novo procedure of appointing a panel of commissioners to a selectboard's decision not to reclassify a class 4 to a class 3 road, *Hansen v. Town of Charleston*, 157 Vt. 329, 597 A.2d 321 (1991), and to reclassify a class 3 road to a trail, *King v. Town of Craftsbury*, 2005 VT 86, 178 Vt. 623, 883 A.2d 771 (mem.). While these cases proceeded by an appeal to superior court and review by a panel of commissioners, the issue of the proper scope of the superior court's appellate jurisdiction was not raised in either case. Therefore, we do not find them controlling. Furthermore, *Hansen* is distinguishable because the statute specifically explains that reclassification of a class 4 highway is to be done "using the same procedures as for laying out highways," 19 V.S.A. § 310(b), and the decision relied on this language. There is no parallel directive for reclassification of a class 3 road.

into a statute unless "necessary." *Id.* (quotations omitted). When "the statute is unambiguous and the words have a plain meaning, we apply that meaning." *Sagar*, 170 Vt. at 171, 744 A.2d at 426.

¶ 11. With this in mind, we turn to the language of the statute. The statute sets forth the types of decisions that are reviewable under Rule 74 and subject to review by a panel of commissioners. Significantly, reclassification is not included in the list. Therefore, a plain reading of the statute reveals that the superior court's review is not pursuant to Rule 74 in cases involving reclassification of a class 3 to class 4 road.

¶ 12. We find no merit to plaintiffs' argument that "altered" includes reclassification. While the precursor statute included reclassification in the definition of alteration, see *Whitcomb v. Town of Springfield*, 123 Vt. 395, 396, 189 A.2d 550, 551 (1963) (quoting former statute, which defined alteration to include "a change in the order of a highway, as between open highways, pent roads and trails"), when the statute was revised, the Legislature decided to use a different definition of alter and separately defined reclassification. The subchapter now defines altered as "a major physical change in the highway such as a change in width from a single lane to two lanes." 19 V.S.A. § 701(2). Classification of a town highway is not a mandate about the road's physical appearance, but about its categorization. This is underscored by the fact that the same subchapter now separately defines "[c]lassification" as "the categorization of all town highways." *Id.* § 701(3). While plaintiffs argue that the Legislature simply overlooked adding reclassification to the list of reviewable decisions in § 740 after separating it out from altering, they offer no evidence to support this theory. Reclassification is not included in § 740, and therefore we must presume that the Legislature omitted it for a reason.

¶ 13. We also reject plaintiffs' argument that we must read the requirement into the statute to avoid an absurd and irrational result. We cannot say that it is wholly irrational for the Legislature to choose to have a different standard of review for the selectboard's decision to reclassify a town highway than for the altering, laying out or resurveying of a highway. All of the latter decisions implicate a town's eminent domain power because they may require a taking of land abutting the town highway. In contrast, downgrading a road does not involve a taking. See *Whitcomb*, 123 Vt. at 399, 189 A.2d at 553 (explaining that reclassifying a road to a trail does not involve the condemnation of land). While there may be reasons to adopt a different procedure than the one set forth in the statute, "we must implement the Legislature's policy choice rather than the court's." *Town of Calais v. Cnty. Rd. Comm'rs*, 173 Vt. 620, 624, 795 A.2d 1267, 1271 (2002) (mem.). We will not second-guess the Legislature's unambiguous direction by inserting words into the statute.

¶ 14. Therefore, because the statute in this case was "silent on the mode of review" and did not affirmatively indicate that the selectboard's decision is final, review by certiorari through Rule 75 provided the proper procedure for appeal to the superior court. *Hunt*, 159 Vt. at 440, 620 A.2d at 1266. In this posture, the court's jurisdiction is usually confined to reviewing questions of law, and consideration of evidentiary questions is limited to determining "whether there is any competent evidence to justify the adjudication." *Id.* at 441, 620 A.2d at 1267 (quotation omitted).

¶ 15. Plaintiffs argue that even if review is pursuant to Rule 75, the court erred in denying their request to supplement the record on appeal. Review by certiorari under Rule 75 ordinarily "provides only for review of legal issues," *Richards v. Town of Norwich*, 169 Vt. 44, 48, 726 A.2d 81, 84 (1999), and is therefore usually "restricted to the record" from the ad-

ministrative proceeding, *Hunt*, 159 Vt. at 442, 620 A.2d at 1268. See *Burroughs v. W. Windsor Bd. of Sch. Dirs.*, 141 Vt. 234, 237, 446 A.2d 377, 379-80 (1982) (review in superior court by certiorari is on-the-record and any deficiency in the factual record requires a remand to the administrative agency). We have explained that there may be instances where it would be proper to take evidence in the context of a Rule 75 appeal. See *Chapin Hill Estates, Inc. v. Town of Stowe*, 131 Vt. 10, 13, 298 A.2d 815, 817 (1972) (noting that "review in the nature of *certiorari* may not be limited only to the facts as found in the record"). Generally, however, "judicial review of administrative decisions is deferential absent a clear statement of contrary intent." *Rhoades Salvage/ABC Metals v. Town of Milton Selectboard*, 2010 VT 82, ¶ 9, 188 Vt. 629, 9 A.3d 685 (mem.) (quotation omitted) (applying deferential standard of review to selectboard's decision denying junkyard permit to landowner). "[O]n-the-record review is particularly appropriate in contested cases where there has been an adjudication in the agency and where the adjudicative body has special expertise." *Id.* (quotation omitted).

¶ 16. Here, the facts and circumstances of the selectboard's decision favor on-the-record review. The statute is silent on the method of review, and the decision was made following a quasi-judicial procedure by the town selectboard in which plaintiffs freely participated. See *Hansen v. Town of Charleston*, 157 Vt. 329, 335, 597 A.2d 321, 324 (1991) ("[T]he Legislature has placed the selectmen in a quasi-judicial role to hear classification petitions . . . ."). Consequently, we conclude that the court's role was simply to determine if there was adequate evidence to support the selectboard's decision, and the superior court correctly denied plaintiffs' request to supplement the record on appeal.

¶ 17. Plaintiffs argue that even under a deferential standard the court's decision is erroneous and unsupported by the evidence. As an initial matter, we address plaintiffs' argument that the court erred in relying on the minutes of the selectboard's meeting because they were never formally introduced into evidence. Plaintiffs have not preserved this claim for appeal because they failed to object to the court's consideration of the minutes after the Town appended them to their February 8, 2010 responsive memorandum. *Follo v. Florindo*, 2009 VT 11, ¶ 14, 185 Vt. 390, 970 A.2d 1230 ("In general, issues not raised at trial are unpreserved, and this Court will not review them on appeal."). Further, plaintiffs do not argue that the minutes misrepresent the evidence submitted at the hearing and therefore fail to show any prejudice from consideration of them. Thus, we conclude that the superior court did not err in considering the minutes.

¶ 18. As to the content of the Town's decision, we conclude, like the superior court, that it is adequately supported by the evidence. The Town found that Upper Kirby Hollow Road is too narrow to allow two cars to pass safely and that this unsafe width has posed a problem for the road crew, requiring them to back down a narrow, steep section to allow another car to pass. In addition, the Town found that the steep incline of the road made snow removal unsafe as evidenced by the fact that snow removal vehicles have slid off the road. This situation has also caused a delay in removing snow from other town highways. These findings are all supported by the road foreman's testimony. All of these findings in turn support the Town's ultimate conclusion that it is not in the public good, necessity or convenience to continue to maintain the road as a class 3 highway. Plaintiffs argue that their opinions and evidence should have been weighed more heavily, but the selectboard did not err in resolving the competing considerations in the manner that it

did. The decision was within the Town's authority and not erroneous.

*Affirmed.*