Guntlow et. al. v. Town of Pownal, No. 379-9-13 Bncv (Wesley, J. Apr. 2, 2014).

[The text of this Vermont trial court opinion is unofficial.  It has been reformatted from the original.  The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## VERMONT SUPERIOR COURT

| | |
|---|---|
| **SUPERIOR COURT** <br> **Bennington Unit** | **CIVIL DIVISION** <br> **Docket No. 379-9-13 Bncv** |

| | |
|---|---|
| **Pauline Guntlow and Richard Winterkorn,** <br> **Appellants.** <br><br> **v.** <br><br> **Board of Abatement, Town of Pownal** <br> **Appellee.** | |

### Opinion & Order
### on Rule 75 Appeal from Denial of Abatement

For the second time, Pauline Guntlow and Richard Winterkorn appeal a decision by the Town of Pownal Board of Abatement.[1] On remand, the Board held another hearing on August 8, 2013, which was adjourned until August 12, 2013.  At the later hearing, the Board gave its decision, together with explanations recorded in the minutes. The Board granted a partial abatement of $1,342.81 in response to Appellants' claim related to sewer bond fees, but denied any other relief.  This appeal followed.

By entry issued January 16, 2014, the Court noted an appeal pursuant to V.R.C.P. 75 is typically limited to the record made at the administrative proceeding and does not involve a *de novo* evidentiary hearing. *See Garbitelli v. Town of Brookfield*, 2011 VT 122, ¶ 6, 191 Vt. 76. Thus, the Court required each party to submit a further memorandum, together with references to the record made before the Board of Abatement. Each party was also required to specify any claim that the record below was incomplete.

The parties complied with the January 16 entry and neither has demonstrated further evidence is necessary to the Court's proper Rule 75 review.  The record before the Court includes a transcript of the abatement hearing and the minutes kept of the hearing including a written explanation of the Board's decision.  While Appellants maintain review should be *de novo*, they acknowledge the current record comprises the facts on which they rely for their claims of error.  As *Garbitelli* holds, the Court's review does not involve substituting its assessment of those facts for the determination made by the Board of Abatement, unless the development of the facts below was inadequate. *Id.* at ¶ 10.  Thus, the Court addresses Appellants' Rule 75 appeal by confining its review to the adequacy of the record made before the Board of Abatement.

---

[1] In Doc.No. 158-5-12 Bncv, the Court found the Pownal Board of Abatement had not provided a sufficient explanation for its denial of Appellants' request for abatement.  By summary judgment ruling issued June 12, 2013, the Court remanded the case for either a more detailed decision or a new hearing.

Referring to the record made at the hearing on August 8, 2013, Appellants argue the Board should have abated their taxes because the tax collector refused to accept a partial payment, the listers erred by changing their property classifications from contiguous to individual, and the listers erred by improperly calculating sewer bond fees, leach field assessments, and eliminating the house site allocation allowance. Appellants also argue the listers erred in equalizing the value of their properties. With respect to the grounds presented for abatement, Appellants claim the Board did not provide them with a sufficient explanation of its reasoning for denial. Further, Appellants claim the abatement hearing was procedurally defective, due to the request that the listers involved with their property recuse themselves from the meeting. Although the listers agreed to abstain from voting, the listers did not recuse themselves from the proceedings, apparently to satisfy the quorum requirement. Appellants maintain recusal was required.

When a board of abatement denies a request, the board must "state in detail in writing the reasons for its decision." 24 V.S.A. § 1535(c). Nevertheless, the nature of abatement proceedings, including the broad range of discretion granted to the Board, limit an aggrieved taxpayer's ability to challenge the sufficiency of an explanation of denial. Appellants' challenge here is similar to the one made in *Hojaboom v. Town of Swanton*. *See* 141 Vt. 43 (1982). Yet, that holding was superseded by *Harris v. Town of Waltham*, 158 Vt. 477, 481 (1992)("There is no question that the Legislature intended to overrule *Hojaboom* … at least in part"). Following *Harris,* far less specificity is required with respect to a municipal board decision regarding property values. "The statute requires that the BCA state its reasons; not the reasons that would have been used by a professional body, with the time for careful decision-making, and based on a focused and detailed appeal." *Harris*, 158 Vt. at 483, n.3. The Court concludes the specificity required by 24 V.S.A. § 1535(c) is even less than required to explain denials of appeals from Grand List assessments under 32 V.S.A. § 4404, the procedure under review in *Harris*.

Here, the minutes of the meeting span five pages. After Appellants' presentation of multiple and extensive grounds for relief, including many exhibits, the minutes reflect that the Board listed the separate grounds, identifying as to each one that it had considered and either accepted or rejected it as a basis for relief. The Court concludes that the Board gave an adequate explanation of its decision. *See id.*

In reviewing the case law surrounding reviews of abatement decisions, the Court concludes that its scope of review is very limited. According to *Murray v. City of Burlington*, 2012 VT 11, ¶ 14, 191 Vt. 597,"[t]he Board's decision is 'entirely permissive,' and abatement is not required even if a taxpayer falls within one of the categories allowing for abatement …. The superior court's review of the board's decision is 'necessarily narrow.'" Abatement is available only when a plaintiff can show "a manifest error or a mistake of the listers," and a failure to grant it upon such a showing remains reviewable only for abuse of discretion. *Garbitelli,* 2011 VT 122, ¶ 6, (quoting *Ketchum v. Town of Dorset*, 2011 VT 49, ¶ 14, 190 Vt. 507 ("Review of evidentiary questions is limited to 'whether there is any competent evidence to justify the adjudication'")). While a taxpayer may argue in support of abatement that an assessment was so unsupported that it constitutes "manifest error or a mistake of the listers," the Board's decision remains highly discretionary. *Id.* ¶ 17.

In light of the record in this case, and the wide breadth of discretion associated with abatement proceedings, the Court concludes Appellants have shown no evidence of "manifest error" sufficient to support abuse of discretion as a matter of law. Rather, Appellants are attempting to seek through abatement proceedings a remedy properly confined to the property tax appeal procedures in 32 V.S.A.§ § 4111, et seq., because they have shown no "manifest error" by the listers. *Garbitelli*, 2011 VT 122, ¶¶ 6, 14 (abatement should not be seen as a substitute for the statutory procedures for property tax appeals, and a taxpayer faces a heavy burden in demonstrating abuse of discretion).

In regard to Appellants' allegation that the tax collector erred by refusing to accept their payment, the Board denied relief. The Board stated "the delinquent tax collector could not take a portion of payment towards one parcel on a tax bill." Beyond the belief that they should be entitled to tender partial payment, and that the tax collector should be required to accept it, Appellants offer no legal support for the proposition that such a failure by the tax collector was "manifest error" requiring abatement.

For Appellants' claim that the listers erred in changing their property classification from contiguous to individual, the Board denied relief because "it was not proven by the appellant that the listers had erred." Considering the claim of erroneous sewer fees, the Board decided to refund $1,342.81 in taxes. As to the leach field, the Board noted the listers had already made adjustments after a 2011 grievance. The Board declined to consider the house site allocation as grounds for abatement because that determination is made by the State of Vermont. Finally, on Appellants' claim the listers erred by failing to equalize her property values, the Board denied relief "because the same costs table/schedule were used to value the appellant's property as were to the rest of the parcels in town." Each explanation was adequate and supported by the record, especially considering Appellants failed to point to facts and law that demonstrated "manifest error" by the listers. In absence of such a showing, relief through abatement is unavailing, since all these challenges to the assessed value could have been pursued through procedures for property tax appeals. *Id.*

Under 24 V.S.A. § 1553, the listers and the town treasurer make up the board of abatement. The board must have a quorum to act. 24 V.S.A. § 1553. A public body may also go into an executive session, which excludes the public, through a two-thirds majority of the members present at a meeting. 1 V.S.A. § 313. The public body must also state the nature of the material it intends to discuss in the executive session. *Id*. Here, the Board complied with the procedural rules relating to quorum requirements and executive sessions. The listers who reviewed Appellants' properties were members of the board and were present at the meeting. *See* 24 V.S.A. § 1553. While Appellants requested the listers responsible for the assessment of their property recuse themselves from the appeal, they present no law that entitled them to such a recusal. Nonetheless, certain listers agreed to abstain from voting though still remaining present during the meeting to satisfy quorum requirements. Again, except for insisting on their view as to what should compel recusal, Appellants made no showing that the Board's actions were taken in violation of 24 V.S.A. § 1553 or 1 V.S.A. § 313, or any statutory or procedural requirement.

In sum, the record demonstrates an evidentiary basis for each decision made by the Board of Abatement in consideration of the grounds for relief put forward by Appellants, as well as an

adequate explanation of the reasons for those decisions. There was no abuse of discretion. Appellants' Rule 75 appeal must be denied.

## **Order**

The Court **AFFIRMS** the decision by the Pownal Board of Abatement. The Court enters judgment in favor of Appellee.

Dated and signed electronically at Bennington, Vermont on April 2, 2014.

John P. Wesley
Superior Court Judge