Vermont Superior Court
Filed 10/03/25
Caledonia Unit

VERMONT SUPERIOR COURT
Caledonia Unit
1126 Main Street Suite 1
St. Johnsbury VT 05819
802-748-6600
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 24-CV-03857

| Peter Musty v. Town of Ryegate |
| --- |

## ENTRY REGARDING MOTIONS

Title: Motion for Summary Judgment; Cross Motion for Summary Judgment
(Motions: 2; 4)
Filer: Kristen Shamis; Peter E Musty
Filed Date: March 03, 2025; June 16, 2025

In this case, plaintiff Peter Musty challenges the decision of the Town of Ryegate to discontinue a portion of Town Highway #28, also known as Stone Road, which Peter uses to access a portion of his property. Pending before the court are motions for summary judgment filed by each side. For the reasons set forth below, the Town's motion for summary judgment is granted and Peter's cross-motion for summary judgment is denied.

### Background

Peter owns a parcel of real property in Ryegate that is bordered on the southern end by a parcel owned by McCullough Crushing, Inc., and which contains an active quarry. Town Highway #28, also known as Stone Road, is a Class 4 road that proceeds north from Witherspoon Road into the McCullough property. Pursuant to its land use permit, McCullogh has placed a locked gate on Stone Road at the entrance to the active quarry, approximately 1.29 miles north of the intersection with Witherspoon Road. The permit requires that Peter have a key to the gate unless and until it is conclusively determined that he does not possess access rights beyond the gate.

The Town's Selectboard commissioned a report and survey to determine the location of Stone Road beyond the locked gate, as well as a road identified as Town Highway #29 on several maps, which runs from Stone Road north of the locked gate and into Peter's property.

A survey report prepared by Chase & Chase Surveyors and Septic Designers, Inc., was submitted to the Selectboard in December 2023. The survey report concluded that Stone Road was laid out by the Selectboard in 1881 as a pent road and originally intended to reach the property now owned by Peter, which begins 1.32 miles north of Witherspoon Road. In 1931, however, the first town highway map depicted Stone Road terminating 1.2

miles north of Witherspoon Road before reaching Peter's land. Beginning in 1946, the town highway maps began adding a spur running from Stone Road into Peter's land. The spur was eventually labeled as Town Highway #29 despite no record of such a highway having ever been created by the Town. The precise locations of Stone Road and Town Highway #29 shifted in ensuing maps, but in the most recent maps, Stone Road proceeds past the locked gate and into the quarry before intersecting with the road identified as Town Highway #29, which runs from the quarry into Peter's land. After reviewing this history, the Chase & Chase report concluded that the only town highway was Stone Road, which terminates in the quarry before reaching Peter's land, and that the road identified as Town Highway #29 was mislabeled on maps beginning in 1946 and was actually a private quarry road and not a town highway.

Following receipt of the Chase & Chase report, the Selectboard voted on May 13, 2024 to initiate proceedings to discontinue any portion of town highway that continued past the quarry gate on Stone Road. The Selectboard conducted a site visit on July 1, 2024, which Peter and other members of the public attended. The Selectboard convened a hearing immediately following the site visit to determine whether portion of the town highway should be discontinued. Peter and others testified at the hearing. In advance of the hearing, Peter also submitted a letter from licensed land surveyor Harry Burgess, who opined that Peter may have a prescriptive easement to access his property from Stone Road, and that in any event the Town should reserve Peter a deeded private right-of-way to ensure his ability to access his property form Stone Road, or at the least, compensate Peter for terminating his access by discontinuing the highway. The Selectboard considered this letter.

On August 28, 2024, the Selectboard issued a decision and order making findings of fact and ordering that any town highway beyond the locked gate on Stone Road be discontinued. The Selectboard found, among other things, that the Town did not maintain any portion of the highway beyond the locked gate; there are no residences on either Stone Road or Town Highway #29 beyond the gate; and that a town highway (or a public trail) passing through an active quarry is inherently dangerous and may create liability issues for the Town. The Selectboard did not make a finding as to whether the discontinued road reached Peter's property line but noted that Peter may have statutory or common law rights of access over the discontinued road.

Peter timely petitioned this court for review of the Town's decision pursuant to Rule 75 of the Vermont Rules of Civil Procedure.

## Analysis

The parties agree that the court's review of a Town's decision to discontinue a town highway is made pursuant to Rule 75. *Freund v. Town of Hartland*, No. 223-4-04 Wrcv, 2005 WL 5872176 (Vt. Super. Sep. 13, 2005) (DiMauro, J.) (concluding that court may review a selectboard's decision to discontinue a town highway under Rule 75).

Under Rule 75, the court's review is limited to the record before the Selectboard, whose decision must be affirmed if it is supported by "adequate evidence." *Ketchum v. Town of Dorset*, 2011 VT 49, ¶ 16, 190 Vt. 507. The court reviews question of law de novo. *Demarest v. Town of Underhill*, 2013 VT 72, ¶ 12, 195 Vt. 204 ("[I]n Rule 75 appeals jurisdiction is usually confined to reviewing questions of law, and consideration of evidentiary questions is limited to determining whether there is *any* competent evidence to justify the adjudication." (quotation omitted, emphasis added by *Demarest*)). "Summary judgment is appropriate 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Hier v. Slate Valley Unified Sch. Dist.*, 2025 VT 2, ¶ 8 (quoting V.R.C.P. 56(a)).

The Selectboard's authority to discontinue a town highway is governed by statute. Specifically, Section 710 of Title 19 provides:

> After examining the premises and hearing any interested parties, and if the selectboard judges that the public good, necessity, and convenience of the inhabitants of the municipality require the highway to be laid out, altered, or reclassified as claimed in the petition, it shall cause the highway to be surveyed in accordance with the provisions of section 33 of this title if the highway right-of-way cannot be determined and shall place suitable monuments to properly mark the bounds of the survey. If the selectboard decides to discontinue a highway, the discontinuance shall be in writing setting forth a completed description of the highway.

19 V.S.A. § 710.

This statute is somewhat unclear as to whether the "public good, necessity, and convenience" standard applies to a decision to discontinue, or whether such a decision merely needs to "be in writing setting forth a completed description of the highway." *See id.*; *Freund*, 2005 WL 5872176 ("[T]he statute simply does not require any particular findings of fact for the discontinuance of a highway."). The Selectboard nonetheless applied the "public good, necessity, and convenience" standard to conclude that any town highway proceeding past the quarry gate on Stone Road should be discontinued.

The record before the Selectboard supports its conclusions. It is undisputed that the Town was not maintaining any roads beyond the quarry gate, that the discontinued roads were not used to access any residences (although Peter used them to access a portion of his property), that members of the public would sometimes use the road in order to trespass on McCullough's land to swim and hike, and that according to the Town's road foreman, there may be safety and liability issues involved when a town highway travels through a quarry. Given the deferential review the court must apply under Rule 75, the court concludes that this record supports the Town's decision.

Peter makes several arguments as to why the Town's decision should nonetheless be reversed because it is not supported by competent evidence.

First, he argues that the testimony of the Town's road foreman as to potential liability should not have been considered because the foreman was not an attorney and thus not qualified to opine on liability, and in any event, the Town and its employees are entitled to sovereign and qualified immunity with respect to the maintenance of town roads. Second, Peter argues that the lack of any residences on the discontinued roads is irrelevant. Finally, Peter argues that there is a public benefit to maintaining the road insofar as Peter uses it to access his property and members of the public use it for recreational purposes.

While these are all good faith arguments in support of continuing the town highway past the quarry gate, they fail to demonstrate that the Town's decision is unsupported by competent evidence. Even putting aside the issue of its own financial liability and the potential availability of immunity defenses in litigation, the Town appropriately considered that having a town road passing through an active quarry is "inherently dangerous" and thus poses a public safety risk. Town's Mot., Exh. 7 at ¶ 15. *See, e.g.*, *Pugliese v. Town of Bennington*, No. 2008-156, 2008 WL 4542985, at *2 (Vt. Oct. 2008) (unpub. three-justice entry order) (Town appropriately considered public safety under Section 710 in laying out extension of town highway). It was also within the Town's discretion to conclude that this concern, coupled with the general lack of public need for a town highway in the quarry, outweighed the public's interest in being able to use the discontinued roads to recreate on private property or the interest of one resident, Peter, of using the road to more conveniently access his property. Moreover, as the Town noted, it was not deciding whether Peter had a legal right of access vis-à-vis McCullough, rather the Town was exercising its discretion to discontinue a small portion of a town highway that extended past a locked gate and into an active quarry. Having reviewed the record, the court sees no basis to upset the Town's reasoned decision.

## Order

The Town's motion for summary judgment is GRANTED and Peter's cross-motion for summary judgment is DENIED.

Electronically signed on: 10/3/2025 pursuant to V.R.E.F. 9(d)

_____
Benjamin D. Battles
Superior Court Judge