Filed 11/13/25

VERMONT SUPERIOR COURT

Chittenden Unit
175 Main Street
Burlington VT 05401
802-863-3467
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 25-CV-02302

| | |
|---|---|
| Star Lamphere,<br>　　　Plaintiff<br><br>　　　v.<br><br>Town of Westford, Selectboard,<br>　　　Defendant | DECISION ON MOTION |

## RULING ON MOTION FOR SUMMARY JUDGMENT

This case involves a decision by the Town of Westford Selectboard (the "Town") to order that a dog be euthanized after it bit a pedestrian walking along a public road, causing serious injury that required medical attention. Pursuant to Rule 75 of the Vermont Rules of Civil Procedure, the dog's owner, Star Lamphere, appeals the Town Selectboard's (the Board") decision on the basis that less drastic measures are available to ensure the public's safety. The Town has moved for summary judgment, arguing that the evidence introduced at the administrative hearing adequately supports the ultimate decision and that Ms. Lamphere has failed to show that the Board abused its discretion in reaching its decision. For the reasons discussed below, the motion for summary judgment is GRANTED.

## Undisputed Facts

The Town's Statement of Undisputed Material Facts is supported by the evidence presented to the Board. Ms. Lamphere is the owner of a dog named Dak. On April 7, 2025, at approximately 2:00 p.m., Lisa Minor was walking on Huntley Road near Ms. Lamphere's property when Dak ran out into the road and attacked her. Ms. Lamphere had just opened the door to her house and had Dak on a leash, but she lost control of the leash. Dak knocked Ms. Minor to the ground and bit her several times, causing several puncture wounds, removing a large piece of flesh from her right arm, and breaking her right pinky finger. Ms. Lamphere was trying to get Dak to stop attacking Ms. Minor during this time. Ms. Minor received medical attention for her wounds at an emergency room in St. Albans.

Ms. Minor alerted the Town's animal control officer of the attack, and on April 11, the Board held a vicious dog hearing pursuant to 20 V.S.A. § 3546, during which it heard testimony and received evidence concerning Ms. Minor's complaint. Following the presentation of evidence, the Board determined that Dak attacked Ms. Minor without provocation, causing significant injury. The Board issued an interim protective order requiring Dak to be released to Ms. Lamphere, muzzled when outdoors, confined to the home except for toileting, and to

undergo a safety and behavioral evaluation by a certified animal behavioral specialist who had experience with aggressive dogs. The Board continued the hearing until May 5, when it would consider the behavioral specialist's report and issue a permanent protective order.

Following the Board's continued hearing on May 5, the Board considered the animal behavior specialist's report and issued a final decision and permanent protective order. The Board's findings of fact were:

> Dak did attack Lisa Minor unprovoked and caused significant injury while off the property of dog owner, Star Lamphere. The severity of the attack and injury to the victim means that Dak does pose a safety risk to the general public if safety measures or containment were to fail.

Hearing Decision with Protective Order, dated May 5, 2025, at 2 (R-2). Finding that Dak's attack on Ms. Minor was without provocation and that a protective order was necessary, the Board made the following conclusions of law:

> After investigation and hearing, the Selectboard of the Town of Westford finds that the dog, Dak, is a vicious dog as defined in Section 10 of the Town of Westford Dog Ordinance and orders that Dak be humanely destroyed by a veterinarian. Dak shall remain muzzled and confined to the property of 406 Huntley Rd except to attend veterinary appointments.

*Id*.

Ms. Lamphere does not dispute the Town's statement of facts, but she contends that Ms. Minor grabbed Ms. Lamphere's leg during the attack, causing Dak to bite again. Ms. Lamphere does not support this contention by any citation to the record as required by the Rules of Civil Procedure. *See* V.R.C.P. 56(c)(2) (nonmoving party responding to statement of undisputed material facts required to cite materials in record to demonstrate dispute). Moreover, this evidence does not appear to have been submitted to, or found by, the Board. As a result, the Court does not consider it. According to Ms. Lamphere, there are effective alternatives to euthanasia that adequately ensure public safety. She states that she has installed a fence around the front of her house "to ensure Dak cannot lunge out, using multiple restraints when taking Dak outside, and engaging in extensive training with Dak." Opp. at 2. The Court notes that this evidence was presented to the Board on May 5.[1]

Discussion

Summary judgment shall be granted when the moving party shows that there is no genuine issue as to any material fact "and the movant is entitled to a judgment as a matter of

---

[1] Evidence was introduced at the hearing on May 5 of a prior incident at Ms. Lamphere's residence involving dogs only. There was no evidence that Dak was involved in this earlier incident, and the Board does not appear to have relied on this earlier incident in reaching its ultimate decision.

2

law." V.R.C.P. 56(a). Although the Court gives the nonmoving party "the benefit of all reasonable doubts and inferences in determining whether there is a genuine issue of material fact, the nonmovant bears the burden of submitting credible documentary evidence or affidavits sufficient to rebut the evidence of the moving party." *Ziniti v. New England Cent. R.R., Inc.*, 2019 VT 9, ¶ 14, 209 Vt. 433 (quotation omitted).

The legislative bodies of towns are authorized to investigate dog bites and are directed to make orders "for the protection of persons as the facts and circumstances of the case may require," including euthanizing, muzzling, chaining, or confining the dog. 20 V.S.A. § 3546(c). "Rule 75 provides for review of 'action or failure or refusal to act by an agency of the state or a political subdivision thereof, including any department, board, commission, or officer, that is not reviewable or appealable under Rule 74.'" *Rose v. Touchette*, 2021 VT 77, ¶ 13, 215 Vt. 555 (quoting V.R.C.P. 75(a)). Chapter 193 of Title 20 does not specifically provide for judicial review of selectboard decisions. Therefore, review of the Board's decision regarding Ms. Lamphere's dog is pursuant to Rule 75. *See Garbitelli v. Town of Brookfield*, 2011 VT 122, ¶ 5, 191 Vt. 76 ("Where legislation is silent as to review, an appeal may be taken under Rule 75."); *Ketchum v. Town of Dorset*, 2011 VT 49, ¶ 14, 190 Vt. 507 ("[B]ecause the statute in this case was 'silent on the mode of review' and did not affirmatively indicate that the selectboard's decision is final, review by certiorari through Rule 75 provided the proper procedure for appeal to the superior court." (citation omitted)).

Regarding the process in the Civil Division, where the administrative decision being appealed "was made following a quasi-judicial procedure by a town selectboard in which [a plaintiff] freely participated," and the governing statute does not indicate a method of review, the court's role is "simply to determine if there was adequate evidence to support the selectboard's decision." *Ketchum*, 2011 VT 49, ¶ 16, 190 Vt. 507 (citation omitted). Thus, when reviewing decisions by administrative and quasi-judicial bodies, the superior court does not "independently weigh the evidence to make its own factual findings. Rather, the superior court on a Rule 75 appeal must uphold factual findings if any credible evidence supports the conclusion by the appropriate standard." *Turnley v. Town of Vernon*, 2013 VT 42, ¶ 11, 194 Vt. 42.[2] Moreover, the Board's decision was a discretionary decision, and the Court may set the Board's decision aside only for abuse of that discretion. *Id*. ¶ 11. The question is not whether the Court would have ruled differently, "but *whether a reasonable person could have reached the same decision as did the Board based upon the evidence before it*." *Id*. (quoting *Yoder v. Town of Middleton*, 876 A.2d 216, 218 (N.H. 2005)).

It is undisputed that Dak bit Ms. Minor without provocation. The Town has a Dogs and Wolf-Hybrid Ordinance with the stated purpose of "regulat[ing] the keeping of dogs . . . and to provide for their leashing, muzzling, restraint, impoundment and destruction . . . so as to protect the public health and safety of the Town." Ordinance § 2 (R-49). The Ordinance sets forth investigation procedures for the Board to follow when a dog has bitten someone off the owner's

---

[2] In light of this standard, the Court questions whether summary judgment was the necessary or correct procedural vehicle to facilitate Rule 75 review in this case, as opposed to the parties simply briefing the legal issues with reference to the evidence in the record. However, neither party has objected, and so the Court considers the summary judgment motion.

premises and the person bitten requires medical attention from the attack. *Id*. § 10(A) (R-53). Ms. Lamphere does not challenge the investigation by the Board, and the Court finds that the Board followed the Ordinance's procedures. "If the dog is found to have bitten the victim without provocation, the Selectboard shall make such order for the protection of persons as the facts and circumstances of the case may require, including, without limitation that the dog is disposed of in a humane way, muzzled, chained, or confined." *Id*. § 10(C).

The record shows that Dak is a large dog and the injuries Ms. Minor suffered were serious, requiring stitches and a splint. The animal behavior specialist stated in his report that he "do[es] not feel [Dak] is a danger if properly managed" and that "[i]f he is properly managed and the family can continue training, they can avoid future issues with K9 Dak." R-42 to 43. The record also shows that after Ms. Minor was attacked, a wooden fence was constructed around the front of Ms. Lamphere's house, the purpose of which is to prevent Dak from escaping. The Board considered the report and the fence in reaching its decision, but it decided that the severity of the attack, which was unprovoked, and the resulting injury to Ms. Minor, which was serious, were such that Dak poses too much of a risk to the general public in the event that safety measures or his containment were to fail. R-2. Euthanizing a dog that has bitten someone without provocation for the purpose of keeping the public safe is permissible under both 20 V.S.A. § 3546(c) and the Town's Ordinance.

The Court concurs that this was an unfortunate situation for all involved. We understand Ms. Lamphere's assertion that euthanizing Dak would cause her severe emotional distress, as Dak is like a "member of her family." Opp. at 2. While the Court empathizes with Ms. Lamphere's situation, it must conclude that the Board's factual findings are amply supported by the record and the Board did not abuse its discretion in issuing a final order requiring that Dak be humanely destroyed. Accordingly, the Board's decision is affirmed, and the Town's summary judgment motion is granted.

<u>Order</u>

For the foregoing reasons, the Town of Westford's Motion for Summary Judgment (Mot. #2) is GRANTED. Ms. Lamphere must comply with the Town's decision within 30 days and submit proof of euthanasia to the Town within five days of the procedure.

Electronically signed on November 12, 2025 at 9:44 AM pursuant to V.R.E.F. 9(d).

_____
Megan J. Shafritz
Superior Court Judge

4