## In re Application of George F. Adams & Co., Inc.

[353 A.2d 576]

No. 127-75

Present: **Barney, C.J., Smith, Daley, Larrow and Billings, JJ.**

Opinion Filed February 4, 1976

*William G. Post, Jr.* and *Charles T. Shea* of *Gravel, Shea & Wright,* Burlington, for Adams.

*Robert T. Davison, Jr.,* Stowe, for Stehle.

*M. Jerome Diamond,* Attorney General and *Benson Scotch,* Assistant Attorney General, Montpelier, for State.

**Barney, C. J.** This is a motion to dismiss the appeal of a participant in a so-called Act 250 proceeding before the Environmental Board. No. 250 of the Acts of 1969 (Adj. Sess.) has become Chapter 151, entitled "State Land Use" in Title 10 §§ 6001–6091 of Vermont Statutes Annotated. The issue raised by the motion in this case is a recurring one, treated in *In re Preseault,* 130 Vt. 343, 292 A.2d 832 (1972) ; *In re Great Eastern Building Co.,* 132 Vt. 610, 326 A.2d 152 (1974) ; and *In re Wildlife Wonderland,* 133 Vt. 507, 340 A.2d 645 (1975).

The issue is just who is entitled to take an appeal to this Court from the Environmental Board under the authority of 10 V.S.A. § 6089(b). We are not here concerned with the availability or nonavailability of other appellate avenues, such as the one mentioned in *In re Preseault, supra,* 130 Vt. at 347.

The appeal is brought by Mr. and Mrs. Philip Stehle from the granting of a development permit to the George F. Adams & Company, Inc. for a residential development of one hundred house lots on a 555-acre parcel owned by the developer on Town Road 21 in the Town of Stowe. The Stehle property abuts Town Road 21 for about a thousand feet, but the land does not adjoin, at any point, the land to be developed. The water supply for the Stehle premises is located on the lands of one Heath, whose land abuts the land to be developed, and the pipeline passes under a right-of-way acquired by the developer to get to the property of the developer from Town Road 21.

The Stehles participated in the hearing before District Environmental Commission No. 5. Over the objection of the applicant developer, they were further allowed to participate in the hearing before the Environmental Board, under its Rule 12C. This rule provides that a person not otherwise designated as a party by statute may be admitted as a party before the District Commission if he adequately demonstrates that the proposed development may adversely affect his interest under any of the provisions of 10 V.S.A. § 6086(a)(1) through (10) or that his participation will materially assist

the Board or Commission by providing testimony or evidence relevant to those sections.

The authority to promulgate rules derives from the phrase in 10 V.S.A. § 6085(c) speaking to that issue:

> Parties shall be those who have received notice, adjoining property owners who have requested a hearing, and such other persons as the board may allow by rule. For the purposes of appeal only the applicant, a state agency, the regional and municipal planning commissions and the municipalities required to receive notice shall be considered parties. An adjoining property owner may participate in hearings and present evidence only to the extent the proposed development or subdivision will have a direct effect on his property under section 6086(a)(1) through (a)(10) of this title.

It is to be noted that this breadth of participants is limited to the hearing level, since appeal parties are specially designated. In line with our holding in *In re Preseault, supra,* 130 Vt. at 347–48, 292 A.2d 832, it is important to notice that the word "appeal" is used in two different senses in 10 V.S.A. § 6085(c). One refers to the transfer from the District Commission to the Environmental Board. Since this transfer involves a de novo hearing, the *Preseault* case stands for the proposition that a party eligible for one is eligible for the other, presumably to implement the breadth of factfinding in the proceedings. This would also be true of transfers to superior court for a de novo hearing as provided by 10 V.S.A. § 6089(a).

However, "appeal" is also used with reference to appellate review, and it is here that *Preseault* indicates that this statute limits those eligible to come to this Court. The same dual usage appears in 10 V.S.A. § 6089(a) and (b). With this in mind, the statement in 10 V.S.A. § 6085(c) that: "For the purposes of appeal only the applicant, a state agency, the regional and municipal planning commissions and the municipalities required to receive notice shall be considered parties" is to be taken to apply only to appellate review, in other words, "appeals" to this Court. Viewing the statute any other way makes it internally inconsistent, if not incomprehensible.

Since the appellants Stehle, for appellate review purposes under 10 V.S.A. § 6089(b) and § 6085(c), do not fall within the enumerated categories, the motion of the applicant is soundly based.

*The motion of applicant George F. Adams Company, Inc. to dismiss the appeal of the parties Stehle is granted.*