# In re Cabot Creamery Cooperative, Inc. (Richard Scheiber, Appellant)

[663 A.2d 940]

No. 94-589

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed July 14, 1995

*Paul S. Gillies* of *Tarrant, Marks & Gillies,* Montpelier, for Plaintiff-Appellant.

*Keith Aten* of *Downs Rachlin & Martin*, St. Johnsbury, for Defendant-Appellee.

**Allen, C.J.** Petitioner appeals from the Washington Superior Court's dismissal of his petition for extraordinary relief concerning an order of the Environmental Board. The court dismissed the petition because petitioner failed to serve the Board as required by V.R.C.P. 75. We affirm the dismissal because the court lacked jurisdiction to consider the matter.

Petitioner participated as a permissive party in administrative hearings concerning an Act 250 land use permit of the Cabot Creamery Cooperative, Inc. Petitioner resides in Cabot but is not an adjoining landowner. He was granted permissive party status under Environmental Board Rule 14(B). In August 1992, the District 5 Environmental Commission issued a revised land use permit authorizing Cabot to dispose dairy processing wastewater and washwater from its operations in the Village of Cabot on land in Marshfield, Hardwick, Walden, and possibly other towns. Petitioner appealed to the Board, which, in August 1993, affirmed the permit subject to certain stated conditions. Petitioner moved to reconsider and reopen, arguing primarily that Cabot did not demonstrate changes in regulatory circumstances that would justify a permit amendment. The amended permit would allow Cabot to avoid construction of the waste treatment facility required under its original 1986 Act 250 permit. The Board denied the motion and affirmed the rationale in its August 1993 decision which stated:

> At the time that the District Commission's decisions were issued, the State of Vermont Agency of Natural Resources (ANR) believed that the Applicant would have to treat its waste through use of a wastewater treatment plant in order to meet state regulations. Subsequently, ANR concluded that a properly administered land application program was a preferable alternative to use of a waste treatment plant and would comply with those regulations.

Concluding that its findings were supported by the record, the Board denied petitioner's motion.

In November 1993, petitioner again moved to alter or reconsider, based this time on the Board's failure to consider whether the change in circumstances underlying Cabot's permit amendment was beyond Cabot's control. The Board denied this motion as untimely and on the additional ground that its decision was sound.

Petitioner sought extraordinary relief in superior court pursuant to V.R.C.P. 81(b).[1] Cabot opposed the petition on numerous grounds. The superior court dismissed it because petitioner failed to serve the Environmental Board as required by V.R.C.P. 75. The present appeal followed.

■ We have held that "[w]here . . . legislation does not affirmatively indicate that review is 'available by law,' . . . review by this Court is nonetheless permitted by a petition for extraordinary relief" pursuant to V.R.C.P. 75. *Hunt v. Village of Bristol*, 159 Vt. 439, 440, 620 A.2d 1266, 1266 (1992). Act 250 is not silent on the right to appeal. In fact, it explicitly limits the right to appeal a Board decision to certain enumerated persons. 10 V.S.A. §§ 6085(c), 6089(b).[2]

■ In *In re George F. Adams & Co.*, 134 Vt. 172, 174-75, 353 A.2d 576, 577 (1976), we held that the word "appeal" as used in § 6085(c) referred to appeals to this Court. We also noted that the Legislature intended to exclude from the appellate process participants in the administrative proceeding who were not explicitly enumerated in § 6085(c). *Id.* Permissive parties, such as adjoining landowners, are not among the enumerated parties and therefore are affirmatively prohibited from appealing to this Court. 10 V.S.A. § 6085(c) (for purposes of appeal "only the applicant, a state agency, the regional and municipal planning commissions and the municipalities required to receive notice shall be considered parties"); cf. *Vermont Dev. Credit Corp. v. Kitchel*, 149 Vt. 421, 424-25, 544 A.2d 1165, 1167 (1988) (absent contrary legislative intent, when statute enumerates exceptions, no other will apply).

■■ Thus, it is clear that as a permissive party, petitioner was allowed to participate in administrative proceedings, but he had no

---

[1] Rule 81(b) abolishes the common law extraordinary writs and directs that "[r]eview of any action or failure or refusal to act by a governmental agency shall be in accordance with the procedure prescribed by Rule 74 or 75, as appropriate."

[2] When this appeal was filed, 10 V.S.A. § 6085(c) stated in relevant part:

> Parties shall be those who have received notice, adjoining property owners who have requested a hearing, and such other persons as the board may allow by rule. For the purposes of appeal only the applicant, a state agency, the regional and municipal planning commissions and the municipalities required to receive notice shall be considered parties. . . .

10 V.S.A. § 6089(b) states:

> An appeal from a decision of the board under subsection (a) of this section shall be to the supreme court by a party as set forth in section 6085(c) of this title.

statutory right of appeal from the Board's decision on the merits. *In re Carrier*, 148 Vt. 635, 635, 537 A.2d 135, 137 (1987) (mem.) (permissive party not permitted to appeal because he was "not among those parties statutorily allowed to bring appeals to this Court, 10 V.S.A. §§ 6089(b) and 6085(c)"). Petitioner may not challenge the merits of an Environmental Board decision by relying on the extraordinary relief provided by Rule 75. In other words, petitioner may not do indirectly what he cannot do directly. Such an end run circumvents the Legislature's intent.

Petitioner cites no cases to the contrary, and his reliance on *In re Carrier* is misplaced. In that case, we did not grant a permissive party standing to bring an appeal under V.R.C.P. 75 in superior court. We simply reiterated the absolute precondition for our consideration of an action under V.R.A.P. 21 that a complaint state why there is no adequate remedy by way of a proceeding in superior court. *Carrier*, 148 Vt. at 635, 537 A.2d at 135. We noted that the appellants in *Carrier* had filed an action for extraordinary relief in superior court and indicated only that as between this Court and superior court, the latter was the "correct route for appellants to follow." *Id. Carrier* did not consider the issue of jurisdiction in the superior court, but held that on the facts of that case the matter should be brought to the superior court in the first instance.

Because the superior court lacked jurisdiction to consider the petition for extraordinary relief, it should have dismissed the petition on those grounds. Its reliance on other grounds does not change the result or require a remand. See *Circus Studios, Ltd. v. Tufo*, 145 Vt. 219, 222, 485 A.2d 1261, 1263 (1984) (Court may affirm trial court judgment upon grounds different from grounds stated by trial court). We need not reach the other issues raised by the parties.

*Affirmed.*