NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2020 VT 43

No. 2019-206

| | |
|---|---|
| Friends of Pine Street d/b/a Pine Street Coalition | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Chittenden Unit, |
| | Civil Division |
| | |
| City of Burlington | December Term, 2019 |

Helen M. Toor, J.

Cindy E. Hill of Hill Attorney PLLC, Middlebury, for Plaintiff-Appellant.

Jonathan T. Rose and Brian S. Dunkiel of Dunkiel Saunders Elliott Raubvogel & Hand, PLLC, Burlington, for Defendant-Appellee.

PRESENT: Reiber, C.J., Robinson, Eaton and Carroll, JJ., and Wesley, Supr. J. (Ret.), Specially Assigned

¶ 1. **ROBINSON, J.** Plaintiff, the Friends of Pine Street d/b/a Pine Street Coalition (Coalition), filed an action in the superior court attempting to challenge the City of Burlington's necessity order relating to the construction of the Champlain Parkway project. The superior court granted the City summary judgment on the basis that the Coalition lacked standing under both the relevant statute and general standing principles. On appeal, the Coalition argues that it had standing to appeal the City's necessity determination to the superior court, and that the City failed to satisfy the procedural and substantive requirements of the statute. We affirm.

¶ 2.     We review the court's summary judgment decision without deference under the same standard applied in the trial court.  Austin v. Town of Middlesex, 2009 VT 102, ¶ 6, 186 Vt. 629, 987 A.2d 307 (mem.).  We will affirm a grant of summary judgment where there are no disputed issues of material fact and a party is entitled to judgment as a matter of law.  V.R.C.P. 56(a).

¶ 3.     The Coalition argues that its members had a sufficient interest to give them standing to challenge whether the roadway is necessary and in the public good.  The City contends that the sole question before the City and subject to appeal is whether the City properly condemned the three properties at issue and that the Coalition does not have an interest in this question.  We conclude that the Coalition is not entitled to appeal the City's necessity determination to the superior court.

## I.  Statutory Framework

¶ 4.     This appeal stems from the City's necessity determination in the context of a proceeding to lay out a highway pursuant to the process set forth in Chapter 7 of Title 19.[1]  Pursuant to 19 V.S.A. § 708, persons who are either voters or landowners, and whose number is at least five percent of the voters in a town, can petition the selectboard to have a highway laid out, altered, reclassified, or discontinued.  19 V.S.A. § 708(a).  A selectboard may also initiate such proceeding on its own motion.[2]  Id.  Once a selectboard or petitioners have initiated the process, the selectboard is required to "promptly appoint a time and date both for examining the premises and hearing the

---

[1]  On appeal, the City describes the proceeding at issue as one to lay out a highway rather than alter an existing highway.  Because the distinction does not impact the outcome of this appeal, we accept that characterization for purposes of this decision.

[2]  Chapter 7 refers interchangeably to town selectboards, and, in some places, selectmen. Under 1 V.S.A. § 139, "selectboard members" includes "the mayor and aldermen of cities."  In addition, under the Burlington City Charter, the City Council has "the same power to lay out, alter, resurvey, and discontinue streets and highways as is vested by law in selectmen of towns."  24 V.S.A. App. Ch. 3, § 234.

persons interested." Id. § 709. When the process has been initiated by petition, it must give notice by certified mail of the time and date of the examination and hearing to petitioners and, in all instances, to "persons owning or interested in lands through which the highway may pass or abut." Id. In addition, the selectboard is required to give notice to any municipal planning commission in the town, post a notice in the office of the town clerk, and publish a notice in a local newspaper of general circulation. Id.

¶ 5. The statute does not describe the process of examining the premises and hearing interested parties, but provides that after these actions, "if the [selectboard members] judge that the public good, necessity, and convenience of the inhabitants of the municipality require the highway to be laid out, altered, or reclassified as claimed in the petition, they shall cause the highway to be surveyed" in accordance with 19 V.S.A. § 33. Id. § 710. Within sixty days after the examination and hearing, the selectboard is required to make a report of its findings to the town clerk, and the clerk must record "[t]heir order laying out, altering, reclassifying, or discontinuing the highway, with the survey." Id. § 711(a).

¶ 6. When the selectboard determines that a person through whose land the highway passes or abuts is entitled to damages, the town is required to pay or tender damages that the selectboard determines to be reasonable before the highway is opened. Id. § 712. If the damages offered by the selectboard are unacceptable to the property owner or interested person, the selectboard and the other party may agree to refer the question of damages for arbitration, id. § 725, or the person who is not satisfied with the damages offered may apply to the civil division of the superior court for the appointment of commissioners to appraise the damages, id. §§ 726, 727. An appeal of the damages awarded by the selectboard does not stay the property owner's time to vacate or the town's work on the condemned property or the opening of the highway. Id. §§ 713, 714, 726.

3

¶ 7.    In addition to the appeal process available to those with compensable property interests who are not satisfied with the selectboard's damage award, the statute allows review by the superior court under the following conditions:

> [A] person owning or interested in lands through which a highway is laid out, altered, or resurveyed by selectboard members, [who] objects to the necessity of taking the land, or is dissatisfied with the laying out, altering, or resurveying of the highway, or with the compensation for damages, . . . may appeal, in accordance with Rule 74 of the Vermont Rules of Civil Procedure, to the superior court . . . .

Id. § 740(a).  The meaning of "necessity" as used in § 740 is the same as that provided in the condemnation statute, see id. § 740(b), which provides that "necessity"

> means a reasonable need which considers the greatest public good and the least inconvenience and expense to the condemning party and to the property owner.  Necessity shall not be measured merely by expense or convenience to the condemning party.  Necessity includes a reasonable need for the highway project in general as well as a reasonable need to take a particular property and to take it to the extent proposed . . . .

Id. § 501(1).  Section 501(1) lists seven factors to be considered in determining necessity.  Id.

¶ 8.    An "interested person" is defined as "a person who has a legal interest of record in the property affected."  Id. § 701(6).  The statute provides a process for the court to appoint commissioners to review the "convenience and necessity of the proposed highway, and the manner in which it has been laid out."  Id. § 741; see also id. §§ 742-743.  When the appeal is based on objections to the necessity of taking the land, or on dissatisfaction with the laying out, alteration, or resurvey by the selectboard members, the opening of the highway is stayed until the court renders its decision.  Id. § 743.

¶ 9.    In this case, the issue is whether the Coalition has the right to challenge the City's determination of necessity related to the laying out of a portion of the Champlain Parkway.  With

4

this background in mind, we turn to the facts of this case, which were undisputed for purposes of summary judgment, unless otherwise indicated.

## II.  Facts

¶ 10.    The Champlain Parkway (Project) is a proposed road to link Interstate 89 and U.S. Route 7 to the South End of Burlington.  The Project involves reconstruction of a section of road previously built in the 1980s, construction of a new roadway and shared-use path, some improvements along two roadways, traffic-control features, and new stormwater management infrastructure.  The Project consists of three sections: C-1, primarily the reconstructed 1980s roadway; C-2, the new roadway from the northern end of C-1 to Lakeside Avenue; and C-6, the improvements to Lakeside Avenue and Pine Street.

¶ 11.    In the 1970s and 1980s, the Vermont Agency of Transportation (VTrans) obtained property rights for the Project as planned at the time.  To secure remaining rights for the C-1 and C-2 sections, the City instituted condemnation proceedings.  Following those proceedings, construction began on the C-1 section and was nearly completed in the late 1980s.  The Project was delayed by the discovery of hazardous waste in an area through which the road was supposed to pass.  In early 2010, the Federal Highway Administration (FHWA) selected a route that would retain the original C-1 and C-2 rights of way but would incorporate a new C-6 section consisting of improvements to Lakeside Avenue and Pine Street.  The City then worked to obtain the necessary land-use and environmental permits, and instituted proceedings to lay out the new C-6 section of road and to acquire the remaining interests in land for completion of the Project pursuant to the statutory process set forth above.

¶ 12.    On April 16, 2018, pursuant to 19 V.S.A. § 708(a), the City Council approved a resolution to "initiate proceedings for the laying out of the highway project known as the Champlain Parkway, and to set the time and place for the site visit and hearing to determine

5

necessity at the times and places described." The City Council scheduled a site visit and hearing for May 21, 2018. On April 19, 2018, the City Council posted notice of the proceedings as well as copies of the right-of-way plans at the City Clerk's Office and at the Burlington Department of Public Works.[3] The notice indicated that the City Council would determine whether "the public good, necessity, and convenience of all the inhabitants of the City of Burlington require that said highway be laid out and/or altered." The City also posted the notice on its website and published it in two newspapers. The notice indicated that the City served it by certified mail on each individual or entity with a record interest in the properties from which an interest would be acquired. On May 8 and 9, 2018, the City formally served notices on the individuals and entities that had a legal interest in the properties and had not returned signed acceptances of service. Because the Coalition did not have a legal interest in the properties, it did not receive individualized notice of the City's meeting or the site visit.

¶ 13. On May 21, 2018, the Council, property owners, and other interested individuals went on a site visit to view the proposed segment of the highway and, in particular, the individual properties from which interests would be taken for the Project. Three members of the Coalition, including the Coalition's President, attended the May 21 site visit and hearing. At the hearing, the City attorney stated that the only issue for the hearing was the necessity of taking the particular properties required for completion of the Project, not the overall necessity of the Project. Nonetheless, the City Council heard from anyone desiring to speak. Several members of the public spoke, including a member of the Coalition. The Coalition's attorney objected to the proceedings

---

[3] The Coalition contends that the City's exhibits are in conflict as to whether the public notice was provided on April 18, or April 19, the date the site plans were filed. Resolution of this factual dispute does not impact the outcome of this appeal.

6

on the ground that proper notice was not provided. The Council accepted lengthy written comments from the City Engineer and Assistant Director of Public Works regarding the Project.[4]

¶ 14.   At the City Council's meeting on June 4, 2018, the City adopted findings of fact. The City addressed the statutory necessity criteria and concluded that there was a reasonable need for the Project. The City Council declared the lands and rights described in the Project as condemned under Title 19, Chapter 7, and indicated that it would set a hearing on damages.

¶ 15.   The Coalition filed an action in the civil division, labeling it either a notice of appeal pursuant to Vermont Rule of Civil Procedure 74 or, alternatively, a complaint for review of governmental action under Vermont Rule of Civil Procedure 75. The Coalition alleged that the City Council failed to comply with the statutory notice requirements and that the evidence did not support the necessity order.

¶ 16.   The City moved for summary judgment, arguing that the Coalition lacked standing to appeal. The trial court granted the motion for summary judgment. The court concluded that review through Rule 74 was confined by the terms of the statute, which states that the right of appeal is limited to persons "owning or interested in lands through which a highway is laid out." 19 V.S.A. § 740(a). Because the Coalition lacked a legal interest in the land, the court concluded that it was not entitled to appeal under the statute.

¶ 17.   The court also rejected the Coalition's argument that it had an independent right to seek review of the City's decision under Rule 75. The court concluded that Rule 75 review applied only when there was no right to appeal under the statute using Rule 74. Ketchum v. Town of Dorset, 2011 VT 49, ¶ 14, 190 Vt. 507, 22 A.3d 500 (mem.) (indicating that review is available under Rule 75 where statute is silent on mode of review). Because the issue was reviewable under

---

[4] In the civil division, the Coalition argued that these comments were not properly admitted into the record of the necessity hearing. For purposes of this decision, it is not necessary to resolve this dispute of fact.

Rule 74, the court concluded that there was no separate right to appeal under Rule 75. Therefore, the court dismissed the case for lack of standing.

### III. Claims on Appeal

¶ 18. On appeal, the Coalition argues that the court erred in concluding that it lacked standing to appeal. The Coalition contends that it has standing to appeal the City's necessity decision because its members have demonstrated an injury in fact. The Coalition identifies two particular alleged injuries. First, it contends that it was injured by the City's noncompliance at the necessity hearing with the procedures for contested cases outlined in the Vermont Municipal Administrative Procedures Act (VMAPA). Second, it argues that the City failed to properly consider the statutory criteria for necessity, including possible harm to recreational and scenic interests, and environmental impacts. See 19 V.S.A. § 501(1)(D), (F). The Coalition asserts that Rule 75 provides a mechanism to address its alleged injuries.

¶ 19. The City argues that the Coalition lacks standing for two reasons. First, the City challenges the Coalition's constitutional standing on the ground that its members have no legally cognizable injury because the sole focus of the necessity determination was the condemnation of specific properties. Second, the City argues that 19 V.S.A. § 740 does not authorize the Coalition to appeal the City's necessity determination to a court. We need not resolve the City's arguments based on the Coalition's constitutional standing because we conclude that neither Rule 74 nor Rule 75 affords the Coalition an avenue of appeal to the superior court, and that the Coalition has not presented sufficient evidence to support a constitutional due process claim.

### A. Review Under Vermont Rule of Civil Procedure 74

¶ 20. The Coalition does not on appeal argue that it is entitled to review of the City Council's determination through a Rule 74 appeal. See V.R.C.P. 74 (describing appeal process for cases in which party is entitled by statute to seek review of administrative action). The

Coalition is clearly excluded from the class of participants in the necessity hearing entitled by the express terms of the statute to appeal to the superior court. As set forth above, § 740 limits the right to appeal the necessity decision to persons "owning or interested in lands through which a highway is laid out, altered, or resurveyed." 19 V.S.A. § 740(a). "Interested person" is defined as "a person who has a legal interest of record in the property affected." Id. § 701(6). It is undisputed that the Coalition and its members lack any legal interest of record in any of the properties affected by the City's order. Therefore, the Coalition does not have a right under the statute to appeal the City's decision, and Rule 74 provides no avenue for relief.

## B. Review Under Vermont Rule of Civil Procedure 75

¶ 21. The Coalition asserts that even if it is not entitled to appeal pursuant to the process provided in the statute, and therefore cannot invoke Rule 74, Rule 75 allows for appellate review in the nature of certiorari.[5] According to the Coalition, when a person is dissatisfied with a state or municipal action, the person can seek review through Rule 75 even if the statutory right of direct appeal exists and would exclude that person.

¶ 22. The Coalition's interpretation of the relevant rules is incorrect. The rules of civil procedure provide that the traditional writs are abolished and instead "[r]eview of any action or failure or refusal to act by a governmental agency shall be in accordance with the procedure prescribed by Rule 74 or 75, as appropriate." V.R.C.P. 81(b). Rule 74 applies "whenever any party is entitled by statute to seek review of, or appeal from, the decision in a proceeding

---

[5] The distinction is important. An appeal pursuant to Rule 74 would involve all of the processes afforded by the statute, including the appointment of commissioners to review the necessity determination. See 19 V.S.A. §§ 740-743 (setting out procedure for reviewing challenges to laying out, altering, or resurveying of highway). In contrast, any review provided by Rule 75 in the nature of certiorari is usually an on-the-record review. See Demarest v. Town of Underhill, 2013 VT 72, ¶ 13, 195 Vt. 204, 87 A.3d 439 (explaining that reclassification of road not subject to statutory review procedures for laying out road and review under Rule 75 would be on-the-record).

9

determined by any state board, commission, department or officer other than the legislature or courts." V.R.C.P. 74(a)(1). In contrast, Rule 75 is limited to those instances where Rule 74 does not apply. See Vt. State Employees' Ass'n, Inc. v. Vt. Criminal Justice Training Council, 167 Vt. 191, 195, 704 A.2d 769, 771 (1997) (explaining that Rule 75 provides for agency review where there is no review by statute under Rule 74). Rule 75 provides a mechanism to review agency actions that are "not reviewable or appealable under Rule 74 . . . if such review is otherwise available by law." V.R.C.P. 75(a). The Reporter's Notes explain that Rule 75 does not delineate which actions are reviewable, "but provides a procedure applicable whenever county court review is provided by the particular statute establishing an agency or is available as a matter of general law by proceedings in the nature of certiorari, mandamus, or prohibition." Reporter's Notes, V.R.C.P. 75.

¶ 23.    We reject the Coalition's assertion that because it is not entitled to appeal pursuant to Rule 74 and the statutory appeal process, it is entitled to review through Rule 75.[6] "[T]here is no absolute right to appellate review of administrative decisions." Mason v. Thetford Sch. Bd., 142 Vt. 495, 498, 457 A.2d 647, 649 (1983). The Legislature can deny such review "in the absence of any constitutional requirement." Id.

¶ 24.    Here, the Legislature chose to limit the availability of court review of the necessity determination to persons with legal interests in the property through which a highway is laid out, altered, or resurveyed. 19 V.S.A. § 740. "When the Legislature has specifically mandated which parties have standing to appeal a case, we have held that this Court must adhere to those restrictions

---

[6] The Coalition's reliance on Demarest, 2013 VT 72, is misplaced. In that case, the appeal was from a decision to reclassify a roadway, which is not listed as a decision that is subject to review under § 740. This Court held that where the statute did not provide a process for reviewing a town's decision regarding reclassification of a road, the decision was subject to Rule 75 on-the-record review. Id. ¶ 13. In this case, the Coalition is asserting a right to review under Rule 75 where the statute has explicitly denied statutory review.

and may not judicially expand the class of persons entitled to such review." In re PATH at Stone Summit, Inc., 2017 VT 56, ¶ 18, 205 Vt. 112, 171 A.3d 1026 (quotation omitted); see In re Cabot Creamery Co-op., Inc., 164 Vt. 26, 29, 663 A.2d 940, 941 (1995) (explaining that where statute excludes certain individuals from appellate process, Court will not allow appeal under Rule 75 because this would "circumvent[] the Legislature's intent"). There is no independent right to review outside of the remedy provided by statute and here the Legislature chose not to include members of the general public among those entitled to review. Therefore, to the extent the Coalition is seeking to appeal the City's necessity decision, Rule 75 does not apply because there is a review mechanism through Rule 74.[7]

## C. Constitutional Challenge

¶ 25. Because the Legislature has excluded the Coalition from the appellate process, there is no authority for this Court to hear the appeal absent some constitutional justification. See In re Rhodes, 131 Vt. 308, 310, 305 A.2d 591, 592 (1973) (per curiam) ("Without statutory authority to hear an appeal, this Court cannot do so unless there is some constitutional justification."). The Coalition argues that it is entitled to review because the City's procedures violated the Coalition's due-process rights guaranteed by the Fourteenth Amendment. In particular, the Coalition asserts the City did not comply with the statutory requirements of the VMAPA for contested hearings pertaining to admitting evidence and providing cross-examination. See 24 V.S.A. § 1206 (providing requirements for contested hearings subject to VMAPA).

---

[7] We need not decide whether affected individuals with constitutional standing who are not entitled to appeal a necessity determination may nonetheless, prior to that determination, bring a Rule 75 action in the nature of mandamus to enforce their statutory process rights. In this case, the Coalition seeks relief in the nature of certiorari—meaning it asks this Court to vacate or reverse the City Council's necessity determination. That type of appeal is expressly governed by 19 V.S.A. § 740, and, as noted above, excludes the Coalition.

¶ 26. "The constitutional right to due process guarantees certain procedural protections before the government may deprive an individual of a protected property right." In re Miller, 2009 VT 112, ¶ 9, 186 Vt. 505, 989 A.2d 982. "Fundamentally, due process requires notice and an opportunity to be heard 'at a meaningful time and in a meaningful manner.' " Id. (quoting Fuentes v. Shevin, 407 U.S. 67, 80 (1972)). "[T]he requirements of due process apply only to agency decisions that are adjudicative, not legislative." Parker v. Town of Milton, 169 Vt. 74, 80, 726 A.2d 477, 482 (1998).

¶ 27. We need not decide whether the Coalition has standing to appeal on constitutional grounds because the Coalition has not made a facial showing of a constitutional violation. Even assuming that the public hearing on necessity was a quasi-adjudicative proceeding, we reject the premise underlying the Coalition's due-process arguments that the public hearing regarding necessity pursuant to 19 V.S.A. § 710 was a contested hearing subject to the procedural requirements of the VMAPA. A "contested hearing" under the VMAPA means a case involving certain applications for a land use permit, a hearing under Chapter 117 of Title 24 that will be subject to review on the record, a hearing which a provision of law requires to be heard according to the VMAPA, or a hearing that a municipal body elects to conduct pursuant to the VMAPA. 24 V.S.A. § 1201(1). The City Council's public hearing concerning necessity does not fit within any of these categories. See 19 V.S.A. § 710 (directing that municipality must examine premises and "hear[] any interested parties").

¶ 28. The Coalition has failed to demonstrate that the City's actions violated due process in a manner that would afford it review independent of that already provided by statute. Handverger v. City of Winooski, 2011 VT 130, ¶ 12, 191 Vt. 556, 38 A.3d 1153 (explaining that, absent constitutional claim, Legislature can provide limits of appellate review of rights created by

12

statute). The City provided public notice of the site visit and the hearing.[8] No member of the

public was denied an opportunity to speak. Even though the City attorney indicated that the

hearing would focus on the necessity of taking particular properties and not the general necessity

of laying out the proposed highway,[9] the City did not restrict comments by anyone wishing to

speak; in fact, the Coalition's attorney and a member of the Coalition were both allowed to speak

at the hearing. Under these circumstances, the Coalition has failed to allege any abuse of power

or constitutional violation that would warrant judicial review.

## IV. Motion to Stay

¶ 29.    On a final note, we address the Coalition's motion to stay these proceedings in light

of concurrent proceedings being conducted by the FHWA concerning its Record of Decision for

---

[8] The Coalition argues that the City did not file its updated plans for the Project at the time it posted the public notice. Even assuming that the statutory notice requirement requires public notice of the specific plans the City was contemplating, it is undisputed that the plans were publicly available on April 19, 2018, which was at least thirty days in advance of the public hearing.

[9] We do not endorse the City's contention that "necessity" has no meaning outside the context of the acquisition of a specific property right. The City Council conducted the necessity hearing pursuant to a statute that requires a necessity determination as a prerequisite to laying out, altering, reclassifying, or discontinuing a highway. 19 V.S.A. §§ 708-711. The fact that a necessity hearing is required for any of these actions, when only laying out and altering highways potentially involve condemning individual land rights, reinforces that the necessity determination involves an examination of the necessity of laying out a highway in a specific location in addition to its impacts on the individual properties. A necessity determination is a precursor to condemnation of specific property rights, but condemnation does not always follow from a finding of necessity. Moreover, the statutory scheme for laying out a roadway requires public participation and the consideration of factors relevant to the public. See id. § 709 (requiring that notice of hearing be posted and published in local newspaper); id. § 740(b) (indicating that word "necessity" has same definition as that provided in Chapter 5); id. § 501(1) (explaining that "[n]ecessity includes a reasonable need for the highway project in general as well as a reasonable need to take a particular property and to take it to the extent proposed"). Some of the considerations that are relevant to a necessity finding include general factors like the "effect of the highway upon the scenic and recreational values of the highway," the "need to mitigate the environmental impacts of highway construction," and the "effect upon town grand lists and revenues." Id. § 501(1). In fact, members of the public may collectively initiate the laying-out process and attain something like party status if sufficient numbers join a petition. Id. § 708(a). The question we consider in this appeal is not whether the City Council's approach to the necessity determination was correct; rather, the question is whether these appellants were entitled to appeal that determination.

13

this Project.  We deny the motion insofar as the legal issues presented in this appeal do not turn on the outcome of the proceedings before the FHWA.

Affirmed.

FOR THE COURT:

_____
Associate Justice