NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2020 VT 45

No. 2019-218

| | |
|---|---|
| Fortieth Burlington, LLC | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Chittenden Unit, |
| | Civil Division |
| | |
| City of Burlington | December Term, 2019 |

Helen M. Toor, J.

Judith L. Dillon of Lisman Leckerling, P.C., Burlington, for Plaintiff-Appellant.

Jonathan T. Rose and Brian S. Dunkiel of Dunkiel Saunders Elliott Raubvogel & Hand, PLLC, Burlington, for Defendant-Appellee.

PRESENT: Reiber, C.J., Robinson, Eaton and Carroll, JJ., and Wesley, Supr. J. (Ret.), Specially Assigned

¶ 1. **REIBER, C.J.** Plaintiff, Fortieth Burlington, LLC, filed an action in the superior court challenging the City of Burlington's decision that there was a reasonable need to lay out a portion of roadway for part of a project known as the Champlain Parkway. The superior court granted the City summary judgment, concluding that Fortieth lacked standing under the relevant statute and general standing principles because Fortieth did not have a legal interest in any of the properties from which legal rights would be taken. On appeal, Fortieth argues that it has standing to challenge the City's necessity decision, that it did not receive proper notice of the necessity hearing, and that the City did not properly assess the necessity of the project. We affirm.

¶ 2.    The City's necessity decision challenged in this case is also the subject of our contemporaneous decision Friends of Pine Street d/b/a Pine Street Coalition v. City of Burlington, 2020 VT 43, __ Vt. __, __ A.3d __.  The facts are fully recounted in that decision and need not be repeated here.  In sum, the City was involved in completing the Champlain Parkway (Project) to link Interstate 89 and U.S. Route 7 to the South End of Burlington.  Although the Project began construction in the 1980s, it was delayed after hazardous waste was discovered in an area through which the road was supposed to pass.  In early 2010, the Federal Highway Administration (FHWA) selected a route that would retain some of the original sections of roadway but would incorporate a new section consisting of improvements to Lakeside Avenue and Pine Street.

¶ 3.    Fortieth owns property at 128 Lakeside Avenue, which abuts a portion of the Champlain Parkway.  The land was previously owned by General Electric Company and was part of condemnation proceedings in the 1980s.  Fortieth does not have any legal interest in the properties from which additional interests were needed by the City in 2018.

¶ 4.    The City instituted proceedings to lay out the new section of road and to acquire the remaining interests in land for completion of the Project.[1]  See Burlington City Charter, 24 V.S.A. App. Ch. 3, § 234 (providing that city council has same power to lay out roads as selectmen of towns); 19 V.S.A. ch. 7 (providing statutory procedure for laying out highway).  On April 16, 2018, the City Council approved a resolution authorizing the City to "initiate proceedings for the laying out of the highway project known as the Champlain Parkway, and to set the time and place for the site visit and hearing to determine necessity at the times and places described."  The City Council scheduled a site visit and hearing for May 21, 2018.

---

[1]  The City sought a total of eleven temporary construction easements and five permanent easements.  Although Fortieth disputed this fact below, resolution is not critical to the outcome of this appeal.

2

¶ 5.     The City provided notice of the hearing in several ways. The City posted notice of the proceedings at the City Clerk's Office and at the Burlington Department of Public Works. The City also posted the notice on its website and published it in two newspapers.[2] The City served the notice by certified mail on each individual or entity with a record interest in the properties from which an interest would be acquired. Fortieth did not receive a citation notice. On May 8 and 9, 2018, the City formally served notices on the individuals who had a legal interest in the properties and who had not returned signed acceptances of service. On May 18, 2018, Fortieth through its counsel notified the City that it had not received the notice by certified mail of the May 21 hearing and requested that the hearing be continued until notice was provided.

¶ 6.     On May 21, 2018, the City conducted the site visit and hearing as scheduled. Counsel for Fortieth was present at the hearing and challenged the sufficiency of the notice provided by the City. Fortieth advised that it was reserving its right to comment on the merits of the Project until proper notice was provided.

¶ 7.     On June 4, 2018, at a subsequent meeting, the City Council adopted findings of fact and concluded that under the statutory necessity criteria there was a reasonable need for the Project. The City Council President signed the necessity order on June 6, 2018, and it was recorded the same day. The City Council declared the lands and rights described in the Project as condemned under Title 19, Chapter 7.

¶ 8.     Fortieth filed a petition and complaint in the civil division, arguing that the necessity hearing and resulting decision were void because the City did not comply with the notice requirements in the statute. Fortieth asserted that its property abuts the proposed road and it was

---

[2] In the civil division, Fortieth disputed some of the facts included in the City's statement of undisputed facts on the grounds that the affiant, the City Engineer and Surveyor and Assistant Director of Public Works lacked personal knowledge of the facts. Particularly as to whether Fortieth had a legal right in any of the properties to be condemned, the civil division concluded that the objection was unsupported and deemed this fact as admitted.

3

entitled to individual notice of the necessity hearing and site visit. Fortieth also argued that, on the merits, there was no reasonable necessity for the Project. Fortieth filed a motion to vacate the necessity order, arguing that the City failed to comply with the statutory requirement that notice be sent by certified mail or citation to "persons owning or interested in lands through which the highway may pass or abut." 19 V.S.A. § 709.

¶ 9. The City moved for summary judgment, arguing that Fortieth lacked standing to challenge the necessity decision. The City argued that under general standing principles Fortieth had no standing because the necessity order did not relate to any property interest belonging to Fortieth. The City also argued that there was no standing under the relevant appeal statute. Id. § 740(a).[3] The City argued that Fortieth was not entitled to individualized notice because it did not have a property interest at stake in the proceeding, which was primarily a condemnation proceeding.

¶ 10. The civil division concluded that Fortieth was not entitled to appeal the City's necessity determination pursuant to statute, which limits the right to appeal to persons "owning or interested in lands through which a highway is laid out." Id. § 740(a); see id. § 701(6) (defining "interested person" as "a person who has a legal interest of record in the property affected"). Because Fortieth had no legal interest in the properties affected by the decision, the court concluded that it did not fall within the scope of the statute. The court further concluded that there was no general right to appeal the necessity of the Project outside of that provided by the statute.

¶ 11. Fortieth filed a motion to alter or amend, arguing that the civil division improperly conflated the necessity phase of the proceeding with the compensation phase of the condemnation process. Fortieth argued that it was an interested party in the necessity proceeding and had a right

___

[3] The City further argued that Fortieth was barred by collateral estoppel from challenging the necessity of the Project because the necessity for the Project as it related to Fortieth's property was settled by proceedings in the 1980s.

4

to appeal under either the statute or by review of governmental action under Vermont Rule of Civil Procedure 75. The court denied the motion. Fortieth appeals.

¶ 12. This Court reviews a decision on summary judgment de novo, applying "the same standard as that applied by the trial court." Travelers Ins. Cos. v. Demarle, Inc., USA, 2005 VT 53, ¶ 3, 178 Vt. 570, 878 A.2d 267 (mem.). Summary judgment will be granted when there is no dispute of material fact and a party is entitled to judgment as a matter of law. V.R.C.P. 56(a).

¶ 13. On appeal, Fortieth argues that the civil division erred in viewing the appeal as one from a condemnation order. Fortieth contends that its action in the civil division was aimed at appealing the general need for the highway project and it was aggrieved by the City's actions in failing to properly notice it of the necessity hearing and failing to demonstrate the necessity of the Project. Fortieth argues that under 19 V.S.A. § 709 it was entitled to notice of the necessity hearing because it owns property that shares a boundary with the existing right-of-way for the Project.

¶ 14. We begin with Fortieth's argument that the City has conflated the necessity and condemnation decisions and that Fortieth has an interest in appealing the City's decision regarding the overall necessity of the Project. In Friends of Pine Street, 2020 VT 43, we rejected the City's framing of the necessity process and recognized that necessity entails decisions regarding both the overall necessity of laying out a road as well as the necessity of taking particular property. Id. ¶ 28 n.9. In these proceedings, the City has viewed the determination for necessity to lay out the road too narrowly by describing it as solely related to condemnation. Nonetheless, we confirmed in Friends of Pine Street that the statute limits the category of persons entitled to appeal a necessity decision to those owning or having a legal interest in the properties affected. Id. ¶ 20. Thus, in that case, we concluded that members of the public did not fit within the category of persons entitled to appeal. Id.

¶ 15. Here, the question is whether Fortieth can appeal under the statute which grants a right to persons "owning or interested in lands through which a highway is laid out, altered, or

5

resurveyed." 19 V.S.A. § 740(a).  Interested person is defined as "a person who has a legal interest of record in the property affected."  Id. § 701(6).  Fortieth contends that it fits within the definition of "a person who has a legal interest of record in the property affected" because it claims that its property is affected by the Project in general even if it is not subject to condemnation in this action.

¶ 16.   In interpreting the terms of a statute, we look first to the plain meaning of the language used.  Ketchum v. Town of Dorset, 2011 VT 49, ¶ 10, 190 Vt. 507, 22 A.3d 500 (mem.). When §§ 740 and 701 are read together, it is evident that the right to appeal belongs to those who own or have a legal interest in property through which the highway is laid out.  The fact that "interested in" is defined as having a legal interest in the property "affected" does not change that the appeal right belongs only to those with an interest in property "through which" the highway is laid out.  Fortieth does not meet this definition because Fortieth does not have an interest in any property through which the highway was laid out.

¶ 17.   Fortieth argues that it is entitled to appeal under the terms of the statute because it was entitled to notice of the hearing under 19 V.S.A. § 709 and therefore it had a legally protected right to participate.  The fact that Fortieth, or indeed the public in general, is entitled to notice of or to participate in the necessity proceedings does not confer an automatic right to appeal.  As explained in Friends of Pine Street, appellate review is not guaranteed for administrative decisions and the Legislature may limit the class of persons entitled to appeal.  2020 VT 43, ¶ 24; see In re PATH at Stone Summit, Inc., 2017 VT 56, ¶ 18, 205 Vt. 112, 171 A.3d 1026 (explaining that Legislature can restrict those entitled to appeal and court may not judicially expand class of persons entitled to review).  If this Court were to provide review beyond that granted in the statute, it would contravene the intent of the Legislature.  We decline to take such an action.

¶ 18.   Fortieth asserts that the City lacked jurisdiction to lay out the highway because it failed to comply with the notice and other statutory requirements.  "The procedure to be followed in laying out a highway is statutory and the method prescribed must be substantially complied with

or the proceedings will be void." Austin v. Town of Middlesex, 2009 VT 102, ¶ 7, 186 Vt. 629, 987 A.2d 307 (mem.) (quotation and alterations omitted). Fortieth lacks an ability to appeal the necessity order, even to assert its lack-of-notice claim. As explained above, the Legislature has limited those individuals who can appeal the necessity decision, and Fortieth does not fit that group. We do not foreclose the possibility that there may be other mechanisms for an individual to require the City to comply with public and individual notice procedures in the statute, such as an action for mandamus. Fortieth did not attempt to bring such an action, however, and we do not consider whether it would be appropriate.

¶ 19. As explained in Friends of Pine Street, 2020 VT 43, this Court will not create a right to appeal an administrative decision absent some constitutional justification. Fortieth argues that the necessity hearing was quasi-judicial and the City denied it due process as guaranteed by the Fourteenth Amendment to the U.S. Constitution by failing to provide parties the right to present evidence and testimony or to provide cross-examination. We have already addressed and rejected this contention in Friends of Pine Street. Id. ¶ 27. The necessity hearing was not a contested hearing that entitled participants to evidentiary requirements, like presenting evidence or conducting cross-examination. As to the extent of the hearing required on necessity, the statute requires only that a municipality must examine premises and "hear[] any interested parties." 19 V.S.A. § 710. Therefore, the necessity hearing was informational and not quasi-adjudicative in nature. Moreover, Fortieth has not shown that it had a protected property interest to which due process guarantees would attach.

¶ 20. Finally, Fortieth asserts that it has an injury of constitutional dimension because it suffered harm as a result of the City's lack of notice and must have a forum to address that wrong. As explained above, there is no absolute right to appellate review of an administrative decision. Even accepting that Fortieth was entitled to notice under the statute, the City's failure to provide that notice to Fortieth was not an error of jurisdictional magnitude where the City provided general

7

notice and Fortieth actually participated in the proceeding.  See <u>Turner v. Spera</u>, 140 Vt. 19, 22, 433 A.2d 307, 308 (1981) (concluding that failure to publish notice for third time was "not a defect of jurisdictional magnitude and certainly did not result in a failure of due process" where notice was mailed).

<u>Affirmed</u>.

FOR THE COURT:

_____
Chief Justice